1

2

3

4

5

6

7

8

9

10

11

12

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

13

14

15

16

17

18

19

| | |
|---|---|
| NEI CONTRACTING AND ENGINEERING, INC., | Case No.  3:12-cv-01685-BAS(JLB) |
| Plaintiff, | **ORDER DENYING DEFENDANT HANSON AGGREGATES PACIFIC SOUTHWEST, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| HANSON AGGREGATES PACIFIC SOUTHWEST, INC., *ET AL*. | (ECF No. 73) |
| Defendants. | |

20

21     On July 6, 2012, Plaintiff NEI Contracting and Engineering, Inc. ("Plaintiff")

22   commenced this putative class action against Defendants Hanson Aggregates Pacific

23   Southwest, Inc. ("Hanson Pacific"), Hanson Aggregates, Inc., and Lehigh Hanson

24   Co. (collectively, "Defendants") alleging a violation of California Penal Code

25   Section 630, *et seq*.  On October 29, 2013, Plaintiff filed a Second Amended

26   Complaint, the operative complaint, against Defendants, alleging a violation of

27   California Penal Code Section 632.7 ("Section 632.7").  (ECF No. 41 ("SAC").)

28   Hanson Pacific now moves for summary judgment.  Plaintiff filed an opposition.

Having reviewed the papers submitted and heard oral argument from both parties, for the reasons set forth below, this Court **DENIES** Defendant's motion for summary judgment (ECF No. 73).

## I.     FACTUAL BACKGROUND

Defendants "are related entities and are all engaged in the business of providing construction concrete, aggregate, ready mix and related materials to contractors engaged in the construction industry."  (SAC ¶ 4.)   Hanson Pacific receives all orders for construction materials through a dedicated telephone line. (ECF No. 73-3 ("Woods Decl.") ¶ 5.)  Prior to July 15, 2009, Hanson Pacific utilized a "Voice Print International" ("VPI") system, which created a recording of every call made to or from the Ready Mix Dispatch or Aggregate Dispatch lines.  (*Id.* at ¶ 10.) While using the VPI system, Hanson Pacific used "beep tone generators" on all of its telephones which received calls routed to its Ready Mix Dispatch or Aggregate Dispatch lines, which produced an audible "beep tone" every fifteen seconds during a call to provide notice to callers that the call was being recorded.  (*Id.* at ¶ 11; ECF No. 88 (Joint Statement of Undisputed Material Fact ("JSUF")) ¶¶ 1, 2.)  Plaintiff is a contractor and placed numerous orders with Hanson Pacific for construction materials.  (SAC ¶ 4; JSUF ¶ 4.)  During the pre-July 15, 2009 period, Plaintiff heard the "beep tones" during its phone calls with Hanson Pacific.  (JSUF ¶ 4.)

On July 15, 2009, Hanson Pacific replaced the VPI system and discontinued its use of the "beep tone generators" and began using "a pre-recorded verbal admonition," which stated:

> Thank you for calling Hanson Aggregate Material [Ready Mix] Dispatch. Your call may be monitored for quality assurance. Our hours of Operation are 6:00AM to 4:00PM, Monday thru [sic] Friday. Please remain on the line and your call will be answered as soon as possible. Thank you for your patience.

(JSUF ¶ 5; *see also* Woods Decl. ¶¶ 13, 14.)

1    During the period between July 15, 2009 and July 5, 2011, Defendants
2  recorded forty-four of Plaintiff's calls. (JSUF ¶ 5.) On December 23, 2013,
3  Defendants updated the verbal admonition to state that calls may be "monitored or
4  recorded for quality assurance purposes." (Woods Decl. ¶ 17.)

5  ## II.  STANDARD OF REVIEW

6    Federal courts sitting in diversity "apply state substantive law and federal
7  procedural law." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th
8  Cir. 2001) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).
9  Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is
10 appropriate if "the movant shows that there is no genuine dispute as to any material
11 fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a);
12 *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if
13 it "might affect the outcome of the suit under the governing law." *Anderson v.*
14 *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *George v. Morris*, 736 F.3d 829, 834
15 (9th Cir. 2013). A dispute is "genuine" if "a reasonable jury could return a verdict
16 for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also FreecycleSunnyvale*
17 *v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010). "Disputes over irrelevant
18 or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec.*
19 *Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing
20 *Anderson*, 477 U.S. at 248).

21   A party seeking summary judgment bears the initial burden of establishing the
22 absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The
23 moving party without the ultimate burden of persuasion at trial can satisfy this
24 burden in two ways: (1) by producing "evidence negating an essential element of the
25 nonmoving party's claim or defense;" or (2) by demonstrating that the nonmoving
26 party does not have enough evidence of an essential element to carry its ultimate
27 burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,
28 210 F.3d 1099, 1102 (9th Cir. 2000); *Celotex*, 477 U.S. at 322-23; Fed. R. Civ. P.

1  56(c)(1).  Evidence may be offered "to support or dispute a fact" on summary

2  judgment only if it "could be presented in an admissible form at trial."  *Fraser v.*

3  *Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003); *see also* Fed. R. Civ. P. 56(c)(2).

4  However, at the summary judgment stage, the focus is not on the admissibility of the

5  evidence's form, but on the admissibility of its contents.  *Id.*  If the moving party

6  meets it burden, the burden then shifts to the non-moving party to produce

7  admissible evidence showing a genuine issue of material fact.  *Nissan Fire*, 210 F.3d

8  at 1102-03; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87

9  (1986).

10      "[I]n granting summary judgment a district court cannot resolve disputed

11  questions of material fact; rather, that court must view all of the facts in the record in

12  the light most favorable to the non-moving party and rule, as a matter of law, based

13  on those facts."  *Albino v. Baca*, 747 F.3d 1162, 1173 (9th Cir. 2014).  "Credibility

14  determinations, the weighing of the evidence, and the drawing of legitimate

15  inferences from the facts are jury functions, not those of a judge, [when] he [or she]

16  is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

17  **III.  DISCUSSION**

18      California Penal Code Section 632.7 states, in relevant part:

19

20      Every person who, without the consent of all parties to a
        communication, intercepts or receives and intentionally records, or

21      assists in the interception or reception and intentional recordation of, a
        communication transmitted between two cellular radio telephones, a

22      cellular radio telephone and a landline telephone, two cordless
        telephones, a cordless telephone and a landline telephone, or a

23      cordless telephone and a cellular radio telephone, shall be punished[.]

24

25  Cal. Penal Code § 632.7(a).  A person injured under Section 632.7 may bring a civil

26  action for damages and injunctive relief against the person who committed the

27  violation.  Cal. Penal Code § 637.2.

28      Hanson Pacific moves for summary judgment on the following grounds: (1)

1   Plaintiff consented to Defendants' monitoring and recording of its calls; (2)

2   Plaintiff's claims are barred by the statute of limitations; and (3) Defendants'

3   conduct falls within the "service observing" exemption in Section 632.7.  (Mot. at

4   1.)

5   **A.   Consent**

6   Hanson Pacific argues that the privacy rights implicated by "recording" and

7   "monitoring" are the same, and by warning Plaintiff that its calls would be

8   "monitored," it thus provided sufficient notice that calls would be "recorded."  (Mot.

9   at 11-17.)   Therefore, by continuing on each call, Plaintiff consented to each

10  recording. (*Id.*)  "Unless otherwise defined, statutory terms are generally interpreted

11  in accordance with their ordinary meaning."  *BP Am. Prod. Co. v. Burton*, 549 U.S.

12  84, 91 (2006) (citing *Perrin v. United States*, 444 U.S. 37, 42 (1979)).  If the text of

13  the statute is "clear and unambiguous," the Court's inquiry ends.  *Mendiola v. CPS*

14  *Sec. Solutions, Inc.*, 60 Cal.4th 833, 840 (2015) (quoting *Murphy v. Kenneth Cole*

15  *Prod., Inc.*, 40 Cal.4th 1094, 1103 (2007)).

16  Section 632.7 expressly prohibits the "intentional[] recording" of a call

17  without the consent of all parties.  Cal. Penal Code § 632.7(a).  It does not expressly

18  prohibit "monitoring."  As a verb, "monitor" is defined as "to watch, observe, or

19  check esp. for a special purpose[.]"  *Webster's Third New International Dictionary*

20  1460 (1993).  The verb "record" is defined as "to make an objective lasting

21  indication of in some mechanical or automatic way[,]" or "to cause (sound, visual

22  images) to be transferred to and registered on something . . . by mechanical usu.

23  electronic means in such a way that the thing so transferred and registered can . . . be

24  subsequently reproduced."  *Id.* at 1898.  Additionally, General Order 107-B,[1] issued

25

26  _____

27  [1]   Hanson Pacific requests that the Court take judicial notice of several documents, including statements of legislative intent and a California Public

28  Utilities Commission General Order.  (ECF No. 73-6.)   The Court **GRANTS** Hanson Pacific's request to the extent it relies upon the documents. *See* Fed. R.

1   by the California Public Utilities Commission ("PUC"), defines "monitoring" as

2   "the use of monitoring equipment to allow a third person to overhear [a] telephone

3   conversation[,]" and defines "recording" as "the recording or transcribing of any

4   telephone conversation by means of any electronic device."[2]  (ECF No. 73-6, Ex. C.)

5   Based on these definitions, the Court finds that "monitor" is not synonymous with

6   "record."   Consequently, Hanson Pacific has failed to show that the verbal

7   admonition alone was sufficient to warn of recording.  The Court notes, however,

8   that whether or not Plaintiff consented to recording remains a factual issue.  It may

9   well be that, given Plaintiff's long history with Hanson Pacific, its consent to being

10  recorded in the past, its awareness of the prior beep system, coupled with the new

11  warning, Hanson Pacific can establish consent.  This, however, is a question of fact

12  for a jury.

13       The Court does not "weigh the evidence or determine the truth of the matter,

14  but only determine[s] whether there is a genuine issue for trial."  *Am. Tower Corp. v.*

15  *City of San Diego*, 763 F.3d 1035, 1043 (9th Cir. 2014) (quoting *Balint v. Carson*

16  *City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999)) (internal quotation marks omitted).

17  Whether or not Plaintiff consented to recording is such an issue.  Defendants are

18  thus not entitled to judgment as a matter of law.

19       **B.    Statute of Limitations**

20       Hanson Pacific argues that (1) Plaintiff's cause of action accrued on August

21

22  Evid. 201(b)(2) (a court may take judicial notice of a fact that "can be accurately

23  and readily determined from sources whose accuracy cannot reasonably be

    questioned"); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966

24  F.Supp.2d 1018, 1024 n.4 (C.D. Cal 2013).

25       [2]   The Court finds unpersuasive Hanson Pacific's argument that

    "monitoring equipment" includes machines that can record telephone calls, and thus

26  notice of monitoring is also notice of recording. (Mot. at 16.)  General Order 107-B

27  clearly differentiates between "monitor" and "record," and to engage in the

    semantics required by Hanson Pacific's argument would render that distinction

28  superfluous.

1    27, 2002, the date Plaintiff placed its first order with Defendants, and, alternatively,

2    (2) Plaintiff should have suspected that its calls were still being recorded after

3    Defendants' switch to the verbal admonition, and thus Plaintiff's cause of action

4    accrued on the day it placed its first order after the warning was switched.  (Mot. at

5    20-22.)   The statute of limitations for a Section 637.2 civil action is one year.

6    *Quesada v. Banc of Am. Inv. Servs., Inc.*, No. C–11–1703, 2012 WL 34228, at *1

7    (N.D. Cal. Jan. 6, 2012) (citing Cal. Civ. Proc. Code § 340(a); *Montalti v.*

8    *Catanzariti*, 191 Cal. App. 3d 96, 98 (1987)).  The statute of limitations does not

9    begin to run "until the plaintiff discovers or should have discovered his injury."  *Id.*

10           Hanson Pacific's first argument lacks merit.   Prior to July 15, 2009,

11   Defendants utilized "beep tone generators" to notify customers that their calls were

12   being recorded.   Both parties agree that the generators satisfied the notice

13   requirements for recording set forth by the PUC.  Thus, prior to July 15, 2009,

14   Plaintiff had no cause of action against Defendants.

15           This Court is also unable to say that, as a matter of law, Plaintiff should have

16   known that Defendants continued to record its calls after switching to the verbal

17   admonition on July 15, 2009.  As discussed above, "monitor" is not synonymous

18   with "record."  It follows, then, that abandoning a warning informing the caller that

19   calls are being recorded and replacing it with a warning that calls are being

20   monitored could lead callers to believe that their calls were not being recorded.

21   Plaintiff alleges that it was unaware its calls were being recorded, and that it did not

22   discover the existence of the recordings until March 12, 2012, when Defendant

23   produced them during an unrelated matter.  (SAC ¶ 9; Opp. 18.)  This action was

24   filed on July 6, 2012.

25           Viewing this allegation and this fact in the light most favorable to Plaintiff,

26   the Court finds that Hanson Pacific has failed to carry its burden for purposes of this

27   summary judgment motion.  Given that the parties disagree on the date of accrual for

28   Plaintiff's claim (*i.e.*, when Plaintiff knew or should have known of the recordings),

1    that remains a question of fact not suitable for determination on a summary

2    judgment motion.  *See Nguyen v. W. Digital Corp.*, 229 Cal. App. 4th 1522, 1552

3    (2014) (explaining that "belated discovery" of one's claim is a question of fact); *see*

4    *also Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1191 (2013) (stating that

5    application of the statute of limitations is a legal question only when the facts are

6    "undisputed").

7           **C.    "Service Observing"**

8           Hanson Pacific argues that its recordings are exempt from Section 632.7's

9    prohibitions because the recordings fall within the statute's "service observing"

10   exception.  (Mot. at 22-25.)  Section 632.7 expressly states that it does not apply to

11   "(1) Any public utility engaged in the business of providing communications

12   services and facilities[,]" or to "(2) The use of any instrument, equipment, facility, or

13   service furnished and used pursuant to the tariffs of the public utility."  Cal. Penal

14   Code § 632.7(b)(1) & (2).  For the following reasons, the Court declines to read a

15   "service observing" exemption into Section 632.7.

16          Defendants do not provide communications services or facilities, and thus are

17   not public utilities within the meaning of the exception.  Hanson Pacific argues that

18   a literal reading of Section 632.7 would produce "absurd results[,]" and urges the

19   Court to analyze the legislative history of Section 632,[3] which, according to Hanson

20   Pacific, shows that the legislative intent was to create a broader "service observing"

21   exception.   (Mot. at 22-25.)   Courts have frequently declined to examine the

22   legislative history of Section 632 and Section 632.7, however, on the ground that the

23   statutory language is unambiguous.  *See Ades v. Omni Hotels Mgmt. Corp.*, No.

24   2:13–CV–2468, 2014 WL 4577906, at *5 (C.D. Cal. Sept. 8, 2014) (finding that

25   Section 632.7 is unambiguous and that it "does not contain a broad exception for

26

27          [3]     This exemption language is almost identical to the language in
     California Penal Code section 632 ("Section 632"), which prohibits eavesdropping
28   on or recording confidential communications involving landline telephones.

routine service monitoring"); *Zephyr v. Saxon Mortg. Serv.'s, Inc.*, 873 F. Supp. 2d 1223, 1231 (E.D. Cal. 2012) (explaining that a "business telephone monitoring" exception would be contrary to the express language of Section 632 and Section 632.7); *Dake v. Receivables Performance Mgmt., LLC.*, No. 12-cv-01680, 2013 U.S. Dist. LEXIS 160341, at *13 (C.D. Cal. Apr. 16, 2013) (finding that both Section 632 and Section 632.7 are unambiguous and that neither contains a "service observing" exception); *Bales v. Sierra Trading Post*, No. 13cv1894, 2013 WL 6244529, at *4 (S.D. Cal. Dec. 3, 2013) (declining to read a "service observing" exception into Section 632 that would permit secret recording for quality assurance purposes).

Hanson Pacific cites three cases purportedly supporting its position that Section 632.7 contains a "service observing" exception. *See Young v. Hilton Worldwide, Inc.*, No. 2:12–cv–01788, 2014 WL 3434117 (C.D. Cal. July 11, 2014); *Shin v. Digi-Key Corp.*, No. CV 12–5415, 2012 WL 5503847 (C.D. Cal. Sept. 17, 2012); *Sajfr v. BBG Commc'ns Inc.*, No. 10cv2341, 2012 WL 398991 (S.D. Cal. Jan. 10, 2012). In *Sajfr*, the district court granted a motion to dismiss based on the lack of subject matter jurisdiction. *Sajfr*, 2012 WL 398991, at *5. The district court added as an "additional argument" that Section 632's legislative history established that the statute contained a "service observing" exception. *Id*. at *6. However, as pointed out by the district court in *Ades*, the *Sajfr* judge "found in a later case that reliance on the same 'legislative history [was] misplaced as the statutory language is clear and unambiguous,' and explicitly stated that § 632 'does not create a "service-observing" exemption.'" *Ades*, 2014 WL 4577906, at *5 (quoting *Knell v. FIA Card Serv.'s, N.A.*, No. 12-cv-0426, 2013 U.S. Dist. LEXIS 187551, at *22 (S.D. Cal. Feb. 21, 2013)) (alteration in original).

In *Shin*, the district court relied solely on *Sajfr* as authority for reviewing the legislative history of Section 632. *Shin*, 2012 WL 5503847, at *3. Notably, the district court in *Young* cites to *Shin* as authority for the proposition that "the

1   legislature did not limit the service observing monitoring of calls that [] is alleged

2   [against defendant]."   *Young*, 2014 WL 3434117, at *2 (citing *Shin*, 2012 WL

3   5503847).   Because the district court that decided *Sajfr* later abandoned its reliance

4   on the relevant statutes' legislative history, the Court finds that *Sajfr* should not be

5   followed.   Since *Shin* relied on *Sajfr*, and *Young* relied on *Shin*, the Court finds none

6   of the three cases persuasive on this point.   In line with the greater weight of

7   authority, the Court declines to review the legislative history of either Section 632 or

8   Section 632.7, and also declines to read a "service observing" exemption into

9   Section 632.7.

10   **IV.   CONCLUSION & ORDER**

11        For the foregoing reasons, Hanson Pacific's motion for summary judgment is

12   **DENIED** (ECF No. 73).

13        **IT IS SO ORDERED.**

14

15   **DATED:  March 24, 2015**

16   Hon. Cynthia Bashant
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28